IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re: DARRELL H.                                      Case No.: 15-3323-JCO
FERROUILLAT, SR.,                                              Chapter 13
Debtor.

## ORDER

 This matter is before the Court on Creditor Angel Homes, LLC's Motion for Relief from

Stay and Letter Brief to the Court (Docs. 15, 36), and Debtor's Letter Brief to the Court (Doc.

35). This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and

the order of reference of the District Court. This is a core proceeding pursuant to 28 U.S.C.

157(b)(2)(B), and the Court has authority to enter a final order. On February 17, 2016, a hearing

was held on Angel Homes, LLC's Motion for Relief, and, after consideration of the Motion, the

briefs, the Debtor's schedules and the entire record otherwise, the Court concludes that Angel

Homes, LLC's Motion for Relief from Stay is due to be DENIED for the following reasons.

## FACTS AND PROCEEDINGS

 Debtor resides at 1013 Shelton Beach Road, Saraland, Alabama, 36571, (hereinafter

referred to as "the Property"). Debtor and his son also operate a business on the Property.

 According to Tax Deed No. 5088, (Doc. 15-2), on May 31, 2012, the Property was sold

for taxes by the Revenue Commissioner to Angel Homes, LLC, (hereinafter "Angel Homes")in

the amount of $12,096.57. A certificate of purchase was issued in conjunction with the sale.

(*Id.*). After the sale, Debtor attests by way of affidavit that he retained possession of the

property, living there and operating his son's business on a daily basis. (Doc. 29). On May 1,

2015, Angel Homes returned the certificate and the State of Alabama, through the Mobile

County Judge of Probate, executed and delivered to Angel Homes the tax deed on which it seeks

to quiet title. On October 8, 2015, Debtor filed his Chapter 13 petition. Angel Homes is represented by attorney John Bender, who is listed as a secured creditor in Debtor's schedules and as a creditor in the creditor matrix. (Doc. 12 at 14). On October 22, 2015, Debtor filed his proposed sixty-month Chapter 13 plan, which provided for payment to "John Bender" (presumably as attorney for Angel Homes) as follows: adequate protection payments on the Property in the amount of $200.00; alternate monthly payments on the Property in the amount of $200.00; and secured collateral payments in the amount of $402.32. The plan provided for unsecured claims to be paid a percentage of disposable income to be determined by the trustee once the bar date has passed. (Doc. 13). Debtor's schedules indicate that he has a small amount of unsecured debt totaling approximately $5,543. (Doc. 12 at 8). There were no objections to the proposed plan.

On December 1, 2015, Angel Homes filed its Motion for Relief from Stay seeking permission to pursue a quiet title action on the Property in state court. Angel Homes argued that it was due relief because the Debtor's right to redeem had expired and that the Property was no longer property of the estate. At the hearing on the Motion for Relief, Debtor objected and the parties were given the opportunity to file letter briefs regarding the issues raised in the Motion, which they did. (Docs. 35, 36). The issues outlined by the parties are: 1) is Debtor's right to redeem the Property considered property of the estate when Angel Homes was the holder of a tax deed at the time the petition was filed? 2) has Debtor's right of redemption expired under Alabama law? and 3) if the redemption period has not expired, may Debtor redeem his property through his Chapter 13 plan payments, or must he make a lump sum payment to Angel Homes in order to redeem under Alabama law? This set of facts, and these three issues present a matter of

first impression in this District, but have been addressed by other bankruptcy courts across the nation.

<u>CONCLUSIONS OF LAW</u>

Under § 362(d), a party in interest may request relief from the automatic stay for three reasons as set out by the Bankruptcy Code. 11 U.S.C. 362(d)(1), (2)(A), (B). First, Section 362(d)(1) allows relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest."

Second, the stay may be lifted if, under subsection (2)(A), the "debtor does not have an equity in such property" that is the subject of the motion. 11 U.S.C. § 362(d)(2)(A). To have equity in property, the value of the property must exceed the amount of all debts secured by liens on the property.

Third, under subsection (2)(B), the stay may lift if "such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2)(B). This prong questions whether debtor may successfully reorganize with or without that particular piece of property.

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property, and the party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

Courts generally decide whether cause exists based on the totality of the circumstances in each case. *In re Taylor*, 2009 WL 1977710, at *4 (Bankr. N.D.Ala. July 7, 2009)(*citing In re Brown*, 290 B.R. 415 (Bankr. M.D.Fla. 2003); *In re Robertson*, 244 B.R. 880 (Bankr. N.D.Ga. 2000); *Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir.1997); *Trident Assoc. v. Metro. Life Ins. Co. (In re Trident Assoc.),* 52 F.3d 127, 131 (6th Cir.1995).

Regarding subsections (d)(1) & (d)(2)(A), the analyses of which tend to overlap, Debtor's schedules list the value of his property at $225,700.00, with two secured claims against the property. The first claim, a first mortgage held by Hancock Bank in the amount of $148,000, and the second claim, the tax lien held by Movant Angel Homes in the amount of $19,841.63, both claims totaling $167,841.63. Based on his schedules, Debtor asserts he has $57,858.37 of equity in the Property. Angel Homes did not contest Debtor's valuation of his home in his schedules, therefore this Court holds that there is $57,858.37 of equity in the Property and that, combined with the proposed plan payments is sufficient to provide Angel Homes adequate protection throughout the term of Debtor's confirmed plan. *See In re Drummer*, 457 B.R. 912, 918-19 (Bankr. N.D. Ga. 2011)(because the property, which had uncontested equity in it, was necessary for an effective reorganization, cause did not exist under § 361(d)(1) for the stay to lift for movant to extinguish debtor's equitable right of redemption). Based on the forgoing, Angel Homes has failed to meet its burden that equity in the property is lacking.

Regarding §362(d)(2)(B), there are several factors that weigh in Debtor's favor. Debtor lives on the Property and helps run his son's business out of the Property. It appears from Debtor's schedules that his son provides a significant amount of the Debtor's income. Consequently, this Court finds that Debtor has met his burden and the Property is necessary for an effective reorganization.

Although the Court has found that Angel Homes is adequately protected under § 362(d)(1), because § 362(d)(1) uses the word "including," the statute appears to contemplate other types of cause which are not specifically set out therein. The lack of enumerated types of cause leaves a bankruptcy court broad discretion in determining what constitutes cause for the stay to lift. *See In re Tex. State Optical, Inc.*, 188 B.R. 522 (Bankr. E.D. Tex. 1995); *In re*

Case 15-03323    Doc 43    Filed 04/21/16    Entered 04/21/16 14:30:48    Desc Main
Document    Page 4 of 10

*Robinson,* 169 B.R. 356 (Bankr. E.D. Va. 1994); *In re Abrantes Const. Corp.*, 132 B.R. 234 (N.D.N.Y. 1991).

Cause other than a lack of adequate protection is an intentionally broad and flexible concept that permits bankruptcy courts, as courts of equity, to respond to inherently fact-sensitive situations. *In re Texas State Optical, Inc.,* 188 B.R. 552 (Bankr. E.D.Tex. 1995).

Having considered the totality of the circumstances, and balancing each one with the overarching principles of the Bankruptcy Code, this Court concludes that Angel Homes has failed to meet its burden in establishing cause based on a lack of equity in the property under § 362(d)(2)(A). Shifting the burden to Debtor under § 362(g), the Court concludes that Debtor has sufficiently proven that Angel Homes is adequately protected under § 362(d)(1), and that the Property is indeed necessary for successful reorganization under § 362(d)(2)(B), and therefore cause under these statutory prongs does not exist for the stay to lift. The facts of this case are unique, raising a novel application of the Bankruptcy Code and Alabama law, and is a matter of first impression in this District. The Court will now consider the three issues raised by the parties.

<u>Right to Redeem is Property of the Estate</u>

Despite concluding that Angel Homes has failed to establish that cause exists to lift the stay, the Court will address the issues raised by Angel Homes as it relates to this Court's jurisdiction over the Property. Angel Homes contends in its Motion that this Court does not have jurisdiction over the Property because it is not property of the estate. However, the Court finds that the Debtor's right to redeem the Property is property of his bankruptcy estate for the following reasons. Title 11, Section 541(a)(1) of the United States Code states that "all legal or equitable interests of the debtor in property as of the commencement of the case" is considered

Case 15-03323    Doc 43    Filed 04/21/16    Entered 04/21/16 14:30:48    Desc Main
                          Document      Page 5 of 10

property of the estate. As early as 1943, the Supreme Court of the United States has held that "a petitioner's interest in the mortgaged property, whether it be denominated a property right or a privilege of redemption, is an interest intended to be subject to the court's jurisdiction and is capable of administration in a farmer-debtor proceeding." *Wragg v. Federal Land Bank of New Orleans,* 317 U.S. 325, 329 (1943). More than six decades later, courts are still finding that if a debtor's principal residence has been foreclosed upon, and a period of redemption has not expired prior to filing, then the debtor's right to redemption is properly considered property of the estate under § 541(a)(1). *In re Francis,* 489 B.R. 262 (Bankr. C.D. Cal. 2013); *see In re Drummer,* 457 B.R. 912 (Bankr. N.D. Ga. 2011)(*citing Commercial Fed. Mortg. Corp. v. Smith,* 85 F.3d 1555 (11th Cir. 1996); *In re Hammond,* 420 B.R. 633, 636 (Bankr. C.D. Cal. 2009); *In re Stevens,* 374 B.R. 31, 34 (Bankr. D. N.H. 2007); *In re Hazelton,* 137 B.R. 560, 562 (Bankr. D.N.H. 1992).

Furthermore, as the Court in *Francis* plainly explained, a tax sale purchaser's rights to property are inchoate and defeasible, subject to the owner's right of redemption, until that redemption period expires. *Francis,* 489 B.R. 262, 266. "Holding legal title is an important factor, but not the determinative factor as to whether the property or any interest therein is property of the estate;" other factors are relevant. *Id.* During the period of redemption, a tax sale purchaser is not entitled to rent or possession of the property, to go on or use the property or to sue for trespass of the property. *Id.* Those rights lie with the owner until the redemption period has expired.

It is undisputed that Angel Homes holds a tax deed to Debtor's Property. However, as in *Francis,* that tax deed is inchoate and defeasible, and only secures legal title to the Property, subject to Debtor's right of redemption. Debtor maintains all other equitable rights in the

Property, and does so until Angel Homes is able to successfully conclude an action to quiet title

on the property. Applying the analysis set forth by the Supreme Court in *Wragg, supra,* p. 6, if,

as of the petition date, Debtor's right of redemption has not expired, then that right becomes part

of his Chapter 13 estate under § 541(a)(1).

Concluding that Debtor's right of redemption is property of the estate, this Court finds it

does have jurisdiction over the Property. The Court must next determine whether the redemption

period had expired when Debtor filed his Chapter 13 petition.

### Expiration of Redemption Period

The Court finds the redemption period had not expired at the time Debtor filed for

bankruptcy. Angel Homes contends that Ala. Code Section 40-10-120 applies in determining the

expiration of the redemption period, whereas Debtor contends that Sections 40-10-82 and 40-10-

83 apply. Section 40-10-120 gives a landowner whose property is sold for taxes three years from

the date of the sale to redeem the property; Section 40-10-82 allows for an indefinite redemption

period if possession is maintained.

When a debtor files his petition, bankruptcy courts often look to state law to determine

what monetary or equitable rights are owed to the debtor. *See generally, In re Martin*, 496 B.R.

323 (Bankr. S.D.N.Y. 2013). Section 40-10-82 of the Alabama Code states in relevant part,

> No action for the recovery of real estate sold for the payment of taxes shall
> lie unless the same is brought within three years from the date when the
> purchaser became entitled to demand a deed therefor; . . . *There shall be
> no time limit for recovery of real estate by an owner of land who has
> retained possession.* If the owner of land seeking to redeem has retained
> possession, character of possession need not be actual and peaceful, but
> may be constructive and scrambling and, where there is no real occupancy
> of land, constructive possession follows title of the original owner and
> may only be cut off by adverse possession of the tax purchaser for three
> years after the purchaser is entitled to possession.

(emphasis added).

7

Debtor attests by way of affidavit that he has retained possession of the Property, and has done so continuously prior to, and subsequent to the tax sale. (Doc. 29). Debtor also attests that his son's business continues to be run from the Property. (*Id.*). In response to Debtor's affidavit, Angel Homes admits that Alabama law provides that " a former property owner has an unlimited right of redemption from an ad valorem tax sale if he has maintained possession of the property." (Doc. 36 at 2). Angel Homes stipulated on the record at the February 17, 2016 hearing that Debtor has maintained possession of the Property. Likewise, Angel Homes presents no evidence to contradict or disprove Debtor's attestation of possession; therefore, this Court will treat the affidavit as valid evidence as to Debtor's possession of the Property.

Section 40-10-82 is unambiguous and needs no special interpretation in determining whether Debtor has retained possession of the Property. Without evidence to the contrary, and applying well settled Alabama law, this Court concludes that Debtor has indeed maintained possession of the Property as his residence for purposes of Section 40-10-82. Alabama public policy dictates that redemption statutes are to be construed most favorably to the redemptioner. *Daughtery v. Rester,* 645 So.2d 1361, 1365 (Ala. 1994)(Shores, J., concurring)(quoting *Jim Walter Homes, Inc. v. Blake*, 544 So.2d 161, 164 (Ala. 1989)); *Reuter v. Mobile Bldg & Constr. Trades Council,* 150 So.2d 699 (1963). In *Rabren v. Osmon*, 613 So.2d 390, 391 (Ala. 1993), the Alabama Supreme Court concluded that the purpose of § 40-10-82 in conjunction with § 40-10-83 is to preserve the right of redemption without a time limit if the owner of the land seeking to redeem has retained possession. *Id. (citing Hand v. Stanard*, 392 So.2d 1157, 1160 (Ala. 1980). The Alabama Court of Civil Appeals in *Tabor v. Certain Lands,* 736 So.2d 622 (Ala.Civ. App 1999), also reached the same conclusion on similar facts. In *Tabor,* the owner of the land, Nature Conservancy, neglected to pay its taxes on its property. The property was sold to the

Tabors and after three years of paying the taxes on the property, they filed a quiet title action based on the tax deed, their adverse possession, and on the contention that under 40-10-120, the owner failed to redeem within the statutory three year redemption period.  The trial court determined based on Nature Conservancy's *ore tenus* evidence that it had maintained continuous possession of the property, and thus was entitled to redeem under Ala. Code § 40-10-82, outside the three-year limitations period set out in § 40-10-120.  The Tabors appealed.  The Alabama Court of Civil Appeals affirmed the judgment of the trial court and concluded that there was no abuse of discretion by the trial court in finding that Nature Conservancy had proven continued possession sufficient to redeem under §§ 40-10-82 and -83's indefinite redemption period.

Applying this line of cases to the present facts, this Court construes §§ 40-1-82 and -83 in favor of Debtor, and concludes that Debtor has sufficiently proven that he maintained continuous possession of the Property sufficient to invoke his indefinite right of redemption under § 40-10-82.

Can Debtor's Tax Arrears be Cured and

His Property Redeemed Via His Chapter 13 Payment Plan?

Angel Homes' Motion for Relief from Stay requests that if this Court finds that Debtor's right of redemption exists and is property of the estate, that he be disallowed from exercising his right of redemption through the Chapter 13 plan payments, and instead that Debtor be required to redeem by making a lump sum payment to Angel Homes for the statutory amount required to redeem under Ala. Code § 40-10-122.  (Docs. 15, 36).

The Court finds this request to be untimely under 11 U.S.C. § 1327(a).  Section 1327(a) states "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected

to, has accepted, or has rejected the plan." Therefore, Angel Homes is bound by the terms of the plan as it was confirmed by this Court's Confirmation Order entered on March 14, 2016. *See In re Young,* 281 B.R. 74 (Bankr. S.D. Ala. 2001); *In re Torres,* 193 B.R. 319 (Bankr. N.D. Cal. 1996); *In re Davis,* 160 B.R. 577 (Bankr. E.D. Tenn. 1993; *In re Harvey,* 213 F.3d 318, (7th Cir. 2000); *In re O'Neal*, 142 B.R. 411 (Bankr. D. Or. 1992)(an unobjected-to-plan bound the movant to its terms, and the issue it sought to raise was *res judicata* and could not be raised on subsequent motion); *Marlow v. Sweet Antiques (In re Marlow),* 216 B.R. 975, 979 (Bankr. N.D. Ala. Jan. 27, 1998) ("Pursuant to § 1327, the order of confirmation in a chapter 13 case constitutes *res judicata* as to all justiciable issues which were or could have been raised prior to confirmation").

Because the issue of whether Debtor must redeem by lump sum or through his plan is not properly before the Court, the Court will abstain from a determinative outcome. This narrow abstention does not affect the remainder of this ruling.

Considering the legal and factual analysis above under the totality of the circumstances standard on a motion for relief from stay in this District, the Court concludes that Debtor has proven that cause does not exist sufficient upon which the stay should lift. Therefore, Angel Homes is bound by the terms of the plan as confirmed, and its Motion for Relief from Stay is DENIED.

Dated: April 21, 2016

_____
JERRY OLDSHUE
U.S. BANKRUPTCY JUDGE